UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                       CASE NO: 2:15-cr-106-FtM-38MRM

RONALD R. RAIOLA
_____

### ORDER[1]

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mac R. McCoy (Doc. #130) filed on December 21, 2016. On January 11, 2017, Defendant Ronald R. Raiola filed his Objections to the Report and Recommendation (Doc. #137). The matter is now ripe for the Court's review.

On May 4, 2016, Raiola moved the Court for a hearing to determine his competentcy to stand trial. Raiola was evaluated by Dr. Robert H. Ouaou, a neuropsychologist, who opined that Raiola suffered from cognitive deficits resulting from a childhood traumatic brain injury. Dr. Ouaou found that while Raiola could understand the charges against him, the role of counsel, judge and jury, but he would not be able to aid his defense counsel at trial. Therefore, Dr. Ouaou concluded that Raiola was incompetent to stand trial.

Raiola was also evaluated for his competency to stand trial by Dr. Keegan R. Culver, Psy.D. a psychologist employed by the Government. Dr. Culver found that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Raiola's thinking, reasoning, and decision-making were not compromised to a degree that would render him legally incompetent to stand trial.

After the evaluations were completed, a hearing was held before Magistrate Judge McCoy on October 19-20, 2016. After the hearing, Judge McCoy issued his Report and Recommendation recommending that Raiola is competent to stand trial. Raiola objects to that decision.

## STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even absent an objection. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without rehearing disputed testimony from the witness. *Powell*, 628 F.3d at 1256-58.

## DISCUSSION

Raiola objects to Magistrate Judge McCoy's Report and Recommendation arguing that Judge McCoy used the wrong standard of review in determining which party must prove Defendant's competency to stand trial. Raiola also argues that Judge McCoy erred by giving greater weight to Dr. Culver's opinion over the opinion of Dr. Ouaou.

*(1) Whether Magistrate Judge McCoy Applied the Wrong Standard*

In his Report and Recommendation, Judge McCoy placed the burden of establishing competency on Raiola. Raiola argues the burden is on the government to prove that he is competent to stand trial. As grounds, Raiola relies on the Fifth Circuit's decision in *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976). In *Makris*, the Fifth Circuit held that the government has the burden of proving a defendant competent to stand trial. Raiola argues that *Makris* has not been overturned.

In contrast to Raiola's position, the Eleventh Circuit held that while *Makris* held to the contrary, we have since decided that a "petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence." *U.S. v. Bradley*, 644 F. 3d 1213, 1268 (11th Cir. 2011) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) (placing the burden of proof for competency determination on the petitioner raising competency as an issue); *United States v. FNU LNU*, 2016 WL 158769 *3 (M.D. Fla. January 14, 2016) (holding that the moving party bears the burden of proving a defendant's competency). Judge McCoy relied on *Bradley* in making his determination that the burden to establish incompetency rested with Raiola rather than on the Government. Since Raiola raised a substantive claim of incompetency, Judge McCoy did not err by finding that the burden of proof was on Raiola. Raiola's objection that Judge McCoy used the wrong standard of review is overruled.

(2) <u>Whether Judge McCoy Erred in Giving Greater Weight to Dr. Culver's Opinion</u>

In his Report and Recommendation, Judge McCoy determined that Dr. Ouaou's testimony and expert report were not as credible as Dr. Culver's report and gave greater weight to Dr. Culver's opinion. Raiola objects to the Report and Recommendation arguing that Judge McCoy erred when he gave greater weight to Dr. Culver's opinion because

Dr. Ouaou is better qualified to determine the long term effects of a brain injury. Further, Raiola argues that Dr. Ouaou spent more time with him during the evaluation process.

Raiola's objection is not well taken. In his Report and Recommendation, Judge McCoy discussed the experts' reports, testimony, and opinions. He then outlined in great detail why he gave greater weight to Dr. Culver's opinion over the opinion of Dr. Ouaou.

Regarding Dr. Ouaou's opinion, Judge McCoy noted:

> Notwithstanding the considerations and findings above, however, the Undersigned finds that the testimony and opinion of Dr. Ouaou are not entirely credible. Specifically, Dr. Ouaou testified that a history of brain injury and bad memory do not *ipso facto* result in incompetence. (Doc. 121 at 104:18-20). Moreover, Dr. Ouaou only opined that Defendant is incompetent in this particular case because there is an extensive amount of documents . . . and because the case is complicated. Dr. Ouaou conceded that his opinion concerning competence would change if this case was just a simple fraud case or if there were simpler allegations. As the Government pointed out, none of these concessions were set forth in Dr. Ouaou's report. Dr. Ouaou's failure to address or acknowledge these significant caveats in his report undermines the credibility of his ultimate conclusions.

([Doc. #130](Doc. #130)).

In supporting his decision to give greater weight to Dr. Culver's opinion, Judge McCoy identified statements from Dr. Culver's expert report and testimony that supported his credibility determination. For example Judge McCoy noted Dr. Culver found that Raiola could review his medications list and could point out that one of his medications was missing, he described the missing medication, and explained what the medication treated. Raiola could also incorporate information he learned the day of his evaluation and apply that information in conversations during the evaluation.

Judge McCoy continued:

> Moreover, Dr. Culver testified that even assuming Dr. Ouaou's test results were valid, she still believed Defendant is competent to proceed. (*Id.* at 192:10-15). Dr. Culver specifically pointed to Defendant's ability to cook. (*Id.* at 196:15-18). Additionally, Dr. Culver noted that Defendant was "quick on his feet" and humorous. (*Id.* at 243-44). Dr. Culver testified that humor requires speedy mental processing (*id.* at 245:3), and that "[y]ou can fake being slow, but you can't [fake] being fast" (*Id.* at 247:17-18). Accordingly, even though Dr. Culver conceded that many of her opinions were based on her subjective conclusions (*id.* at 222:2), upon review, the Court finds that Dr. Culver's analysis of the objective results is more credible and, therefore, entitled to greater weight.

(Doc. #130 at 35-36).

Thus, Judge McCoy clearly established with facts from the record and testimony at the hearing why he gave Dr. Culver's opinion greater weight.  Raiola does not dispute the facts Judge McCoy used to justify his decision—only Judge McCoy's credibility determination.  In reviewing a magistrate judge's credibility determination, a district court may not reject the magistrate judge's factual and credibility findings without holding a hearing itself or unless exceptional circumstances exist which would justify the district court discarding the magistrate judge's conclusions. *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2006).  Raiola does not suggest there are exceptional circumstances that would require the Court to hold another hearing, and the Court finds none in its own review of the record.  The Court accepts Judge McCoy's credibility determination and affirms his decision to give greater weight to Dr. Culver's opinion.

## **CONCLUSION**

There is ample evidence in the record to support Judge McCoy's findings of fact.  Further, the Court finds he did not err in determining who bore the burden of proof.  Therefore, after careful consideration of the Report and Recommendation and an

independent review of the file, the Court adopts, accepts, and approves the Report and Recommendation that Defendant Ronald R. Raiola is competent to stand trial.

Accordingly, it is now

**ORDERED:**

Magistrate Judge Mac McCoy's Report and Recommendation ([Doc. #130](Doc. #130)) is **ACCEPTED and ADOPTED**.  Defendant Ronald R. Raiola is adjudicated competent to stand trial.

**DONE AND ORDERED** at Fort Myers, Florida, this January 19, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record